DIXON, Justice
(dissenting).
With due respect, I must dissent from the majority’s ruling on Bill of Exceptions No. 3. One of the prosecution witnesses, when asked to identify one of the robbers, identified a person back in the courtroom who was not one of the defendants. Then the prosecution showed the witness a picture of one of the defendants, reminded him that he had picked out this picture as identifying one of the robbers, then asked the witness to point out the person whose picture he held in his hand, upon which the witness dutifully identified one of the defendants. The majority countenances this slack rein on the prosecution by saying:
“It is further submitted that it was obvious that the State’s witnesses could not identify the accused from simple observation in court, and the State was permitted to let them look at photographs and then point to the accused.”
And, again, the majority says:
“ . . . the pictures were shown to the witnesses for the purpose of refreshing their memories and not for the creation in their minds of a mental impression of men never before seen.”
The extent to which the prosecution was here allowed to rehabilitate the witness who made the incorrect identification before the jury may not be unprecedented, but ought never be approved.